IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01720-WJM-KLM

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

ISABELLA LEBMANN, and
MARSHALL MILLER,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Unexecuted Summons [#35] regarding Defendant Marshall Miller ("Miller") that was returned to the Court on May 13, 2014.

Plaintiff filed this civil action on July 2, 2012 [#1]. At the time Plaintiff instigated this lawsuit, she was incarcerated in the Colorado Department of Corrections and was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 [#8]. The Amended Complaint was filed on October 12, 2012 [#13]. On November 27, 2012, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on each Defendant at the Denver Medical Center located at 777 Bannock Street, Denver, CO 80204. On December 3, 2012, the Court received notice from Plaintiff that she was no longer incarcerated and has a civil address [#16]. On January 2, 2013, the Summons for both Defendants were returned unexecuted [#19, #20]. The Marshal noted that neither Defendant worked at the Denver Medical Center on Bannock Street and that their current

whereabouts were unknown [#19, #20]. On February 20, 2013, Plaintiff filed a Motion [#21] seeking copies of the Summons since the originals had been returned unexecuted.

On December 5, 2013, the matter was referred to the undersigned [#22]. The first Order to Show Cause [#23] was issued, requiring Plaintiff to show cause why this Court should not recommend that the case against Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m). The Court ordered Plaintiff to file proof of service on Defendants, or respond, in writing, to the Order to Show Cause on or before January 13, 2014. The Court further warned Plaintiff that failure to serve Defendants, respond and show good cause for Plaintiff's failure to properly serve these Defendants, or provide a current address for each Defendant to allow the United States Marshal to effect service, would result in the Court issuing a recommendation to dismiss Plaintiff's action.

The Order to Show Cause [#23] was initially returned to the Court as undeliverable on December 24, 2013. [#25]. On January 30, 2014, Plaintiff filed a Notice of Change of Address/Contact Information [#27]. The Order to Show Cause [#23] was then sent to Plaintiff's new address on February 3, 2014. [#28]. On February 14, 2014, Plaintiff responded with a letter [#29] asking the Court to accept her attached Response [#29-1] to the Order to Show Cause [#23]. The Court accepted Plaintiff's Response, although the Response failed to even tangentially address the issue raised in the Order to Show Cause, i.e., the need for service on Defendants.[1] Thus, the Court issued the second Order to Show Cause [#31] as to why the Court should not recommend that the case against Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m).

---

[1] Plaintiff filed another letter [#30] with the Court on February 20, 2014, which also failed to address the service issue.

Plaintiff filed a Response [#32] to the second Order to Show Cause [#31] on March 11, 2014. In the Response, she provided an address for one defendant, Marshall Miller, but stated that she was "still seeking information on [the] second [defendant] Isabella Lebmann." *Response* [#32] at 3. Having failed to provide any information regarding Defendant Lebmann which the United States Marshal could use to effect service on her, the Court issued a Recommendation [#33] that Defendant Lebmann be dismissed from this matter.[2] The Court also ordered the United States Marshal to serve Defendant Miller at the address provided by Plaintiff. The Marshal attempted to serve Defendant Miller twice, once on May 2, 2014, and once on May 6, 2014. The Summons [#35] was returned unexecuted with the notation: "Subject does not live at aforementioned address. Current whereabouts unknown."

As noted in the two prior Orders to Show Cause [#23, #31] and in the Recommendation [#33] regarding Defendant Lebmann, while Fed. R. Civ. P. 4(c) requires that the Court effect service for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Here, despite ample opportunity, Plaintiff has failed to do so for Defendant Miller, and it is clear at this point that she is unable to do so after more than a year and a half of providing incorrect addresses at which Defendant Miller might be served. Accordingly,

IT IS HEREBY **RECOMMENDED** that Defendant Miller be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

---

[2] Plaintiff confirmed on May 19, 2014 in a Statement [#38] to the Court that she was still unable to find a correct address, telephone number, or work location for Defendant Lebmann.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 3, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge